**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA**
LYNCHBURG DIVISION

| | |
|---|---|
| JOSEPH F. VAUGHAN II, AND KATHERINE M. VAUGHAN | CIVIL NO. 6:15-CV-00038 |
| *Plaintiffs,* | |
| v. | MEMORANDUM OPINION |
| WELLS FARGO BANK, N.A., ET AL. | |
| *Defendants.* | JUDGE NORMAN K. MOON |

This matter is before the Court upon Defendant Wells Fargo Bank N.A.'s motion to dismiss. Dkt. 23. In Plaintiffs' amended complaint, they allege that the "Defendants are third-party strangers to his mortgage and have no ownership interest entitling them to collect payment or declare a default." Am. Compl. p. 3. Because the Plaintiffs rely on unrecognized legal theories and fail to state any claim upon which relief can be granted, the Wells Fargo's motion will be granted.

## I.     Facts as Alleged[1]

Plaintiffs Joseph Vaughan and Katherine Vaughan purchased real property at Route 1

---

[1] These facts are taken from the amended complaint along with attachments provided in the Defendant's motion. Consideration of these attachments is proper under Rule 12(b)(6) because the "plaintiff[s] fail[ed] to introduce a pertinent document as part of [their] complaint." *Gasner v. County of Dinwiddle*, 162 F.R.D. 280, 282 (E.D. Va. 1995). Furthermore, Plaintiffs' Note and Deed of Trust are referenced in the Amended Complaint and these documents are central to Plaintiffs' claims. *See e.g.,* Am. Compl. ¶ 24. In addition, some facts are from available public records which can be considered at the motion to dismiss stage. *O'Neal v. Donahoe*, 802 F. Supp. 2d 709, 715 n.7 (E.D. Va. 2011) ("It is well established that a court may take judicial notice, pursuant to Rule 201 of the Federal Rule of Evidence, of public court records.").

Box 3118, Spout Spring, Virginia, also known as 838 Snapps Mill Road, Spout Spring. On February 21, 2005, the Plaintiffs executed a note in favor of Premium Capital Funding L.L.C. in the amount of $206,250.00. This note was secured by a deed of trust for the real property. Dkts. 24-2 & 24-3; Am. Compl. ¶ 24. Premium Capital subsequently endorsed the Note to the order of Wells Fargo. Dkt. 24-2 at ECF 8.

After this endorsement, Plaintiffs defaulted on their note. Am. Compl. ¶¶ 20, 27. On May 22, 2006, Wells Fargo executed a Lost Note Affidavit and Indemnification Agreement evidencing that the Note was lost and/or destroyed. Dkt. 24-4; *see also* Dkt. 2 at ¶ 18.

Since May 2006, the Plaintiffs have used various tactics to avoid foreclosure. First, Plaintiffs have attempted to modify their loan eighteen times from 2008 to 2015. Am. Compl. ¶ 66.[2] Second, Plaintiffs have filed for numerous bankruptcies. Plaintiff Joseph Vaughan has filed for bankruptcy at least five times since he defaulted on the note. *See* Case No. 07-60584 (dismissed June 7, 2011); Case No. 13-62014 (dismissed November 27, 2013); Case No. 14-61220 (dismissed October 6, 2014); and Case No. 15-61907 (dismissed October 27, 2015). Plaintiff Katherine Vaughan has filed for bankruptcy twice. *See* Case No. 15-60527 (dismissed May 1, 2015) and Case No. 15-61081 (dismissed August 31, 2015).

After dismissing Plaintiff Katherine Vaughan's most recent bankruptcy, the Bankruptcy Court issued an Order prohibiting her from filing a new petition in that Court for 180 days. Case No. 15-61081 at Dkt. 28. Plaintiff Joseph Vaughan initiated this action on October 26, 2015. Dkt. 2.

---

[2] To the extent that Plaintiffs include this figure as a basis for relief, it must fail as "there is no contractual obligation for a servicer to offer a homeowner a loan modification unless the loan requires otherwise. *Parris v. PNC Mortg.,* No 2:14-cv-142, 2014 WL 3735531, at *6 (E.D. Va. July 28, 2014); *see also De Vera v. Bank of America*, No. 2:12-cv-17, at *3 (E.D. Va. June 25, 2012). Here, Plaintiffs do not allege that anything in their loan requires review of such loan modifications.

## II.  Standard of Review[3]

When evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept as true all well-pleaded allegations. *See Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 539 (4th Cir. 2013); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted). Stated differently, in order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

## III.  Discussion

### a.  Declaratory Judgment

Plaintiffs seek declaratory judgment and ask the Court "to make a finding and issue appropriate orders stating that none of the named Defendant and/or Doe Defendants, have any right or interest in Plaintiffs Note, Deed of Trust, or the Property. . . ." Am. Compl. ¶ 84.

A declaratory judgment is "appropriate when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue." *Hipage Co., Inc., v. Access2go, Inc.,* 589 F. Supp. 2d 602, 614 (E.D. Va. 2008). In a declaratory judgment determination, the court's primary inquiry should be "whether the facts alleged, under all the circumstances, show that there is a

---

[3] In Plaintiffs' Response Brief, they argue that the fact that they are proceeding *pro se* should be enough to prevent the Court from granting Defendant's motion. Pls' Resp. 4–5. While the Plaintiffs are correct that any *pro se* complaint must be liberally construed, this construction does not, however, allow a Plaintiff who has failed to plead sufficient facts to proceed past the motion to dismiss stage.

substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of declaratory judgment." *Maryland Cas. Co. v. Pac. Coal & Oil Co.,* 312 U.S. 270, 273 (1941).

In this case, Plaintiffs have failed to show that an actual controversy exists because they rely on legal theories not recognized in Virginia law. Plaintiffs, throughout the amended Complaint, allege that their loan was improperly secured and that Wells Fargo is unable to "provide the original signed Note and Deed of Trust." Am. Compl. ¶ 21; *see also* Am. Compl. ¶¶ 13–41. In *Jesse v. Wells Fargo Home Mortg.,* 882 F. Supp. 2d 877, 880 (E.D. Va. 2012), Judge Gibney held that such accusations are not enough to state a cognizable claim under Virginia law:

> [P]laintiffs argue that the defendants lacked "standing" to foreclose upon the Property because the securitization of the mortgage made it such that the defendants cannot show they were the holder of the applicable note at the time of the sale. In support of their claim, the plaintiffs cite *U.S. Bank v. Ibanez,* 458 Mass. 637, 648–51, 941 N.E.2d 40 (2011). Under Virginia law, however, "the fact that the instrument is lost or cannot be produced shall not affect the authority of the trustee to sell or the validity of the sale." Va.Code § 55–59.1. Virginia has a "well established status as a non-judicial foreclosure state," and "there is no legal authority that the sale or pooling of investment interest in an underlying note can relieve borrowers of their mortgage obligations or extinguish a secured party's rights to foreclose on secured property." *Upperman v. Deutsche Bank Nat'l Trust Co.,*No. 1:10cv149, 2010 WL 1610414, at *2–4 (E.D.Va. Apr. 16, 2010), *aff'd* 4th Cir. No. 10–2308 (Feb. 25, 2011). Further, as stated by the court in *Gallant v. Deutsche Bank Nat. Trust Co.,* "[a] defendant's inability to produce the original note [does] not render the foreclosure sale invalid, and [a] plaintiff's claim to the contrary must be dismissed." 766 F.Supp.2d 714, 721 (W.D.Va.2011). In sum, the plaintiffs' legal claim runs contrary to Virginia law, and cannot go forward.

Furthermore, Plaintiffs also suggest that Mortgage Electronic Registration Systems ("MERS") did not have authority to assign their loan nor was the substitution of trustee valid. Am. Compl. ¶ 42–65. Plaintiffs' theories once again fail. Virginia law, along with the Plaintiffs' loan documentation, provides MERS with authority to assign the loan. *See e.g., Tapia v. U.S. Bank,*

- 4 -

718 F. Supp. 2d. 689, 696–97 (E.D. Va. 2010).  Similarly, Plaintiffs lack requisite standing to challenge the validity of substitution of trustee as they were not a party to the challenged documents.  *Pena v. HSBC Bank*, No. 1:14-cv-1018, 2014 WL 5684798, at \*5 (E.D. Va. Nov. 4, 2014) ("Virginia courts routinely dismiss such challenges on the basis of lack of standing because the complainant was not a party to or intended beneficiary of the challenged document."); *see also Wolf v. Fed. Nat'l Mortg. Ass'n,* 830 F. Supp. 2d 153, 1616 (W.D. Va. 2011) (concluding that plaintiff had no standing because "[a]bsent an enforceable contract right, a party lacks standing to challenge the validity of the contract"), *aff'd* 512 F. App'x 336 (4th Cir. 2013).

Therefore, the Plaintiffs' claim for declaratory judgment must be dismissed because they have failed to state a claim under Virginia law.

### b.  Negligence

In Count Two, Plaintiffs allege that Wells Fargo has "a duty to exercise reasonable care and skill to refrain from taking any action against Plaintiffs that they do not have the legal authority to do."  Am. Compl. ¶ 91.  Specifically, Plaintiffs allege that Wells Fargo wrongfully "demand[ed] mortgage payments when they do not have the right to enforce the obligation" and breached its duty when it "failed to follow guidelines requiring the transfer of the Note and Deed of Trust."  Am. Compl. ¶¶ 90, 92.

Under Virginia law, a plaintiff must "show the existence of a legal duty, a breach of duty, and proximate cause resulting in damage" to establish negligence.  *Altrium Unit Owners Ass'n v. King*, 266 Va. 288, 293 (2003).  As for the legal duty element, a duty owned to another party that arises solely from a contractual obligation is not ordinarily actionable in tort.  *Sherman v. Litton*

- 5 -

*Loan Servicing, L.P.,* 796 F. Supp. 2d 753, 764 (E.D. Va. 2011).

In this case, Plaintiffs have failed to demonstrate a legal duty outside the bounds of the loan documents. "Plaintiffs assertion that a lender has a common law duty of reasonable care regarding a chain of title has no support under Virginia law." *Grenadier v. BWW Law Group*, No. 1:14-cv-827, 2015 WL 417839, at \*10 (E.D. Va. Jan. 30, 2015).

Therefore, Plaintiffs' claims are not actionable in tort and must be dismissed. *Sherman*, 796 F. Supp. 2d at 764.

### c. Quasi-Contract

In Count Three, Plaintiffs allege that Wells Fargo improperly demanded and accepted mortgage payments and therefore "it would be inequitable for Wells Fargo Bank N.A., to retain the payments." Am. Compl. ¶ 96.

In Virginia, plaintiffs must prove, in order to succeed on a quasi-contract claim, that (1) the plaintiffs "conferred a benefit on" the defendant; (2) that the defendant "knew of the benefit and should reasonably have expected to repay" the plaintiffs; and (3) that the defendant "accepted or retained the benefit without paying for its value." *Schmidt v. Household Fin. Corp. II*, 276 Va. 108, 116 (2008). Additionally, a quasi-contract claim can only proceed if no express contract existed between the parties. "Unjust enrichment is a quasi-contractual remedy based upon the principles of equity and is inapplicable when there is an express contract between the parties." *Grenadier*, 2015 WL 417839, at \*9.

In this case, the Plaintiffs' claim must fail. First, the Plaintiffs fail to plead that Wells Fargo "accepted or retained the benefit without paying for its value." *Schmidt*, 276 Va, at 116. Second, and most critically, an express contract—the loan documents—exist between Plaintiffs and Wells Fargo thus making a quasi-contact claim fail as a matter of law. *Young v.Citi Mortg.*

- 6 -

*Inc.,* No. 5:12-cv-79, 2013 WL 3336750, at \*6 (W.D. Va. July 2, 2013) (noting that loan documents "negate any suggestion of some implied contract between [Plaintiff] and [Defendant], and they demonstrate that [Plaintiff's] unjust enrichment claim has no basis in law.").

Therefore, Plaintiffs' quasi-contract claim must be dismissed for failing to state a claim upon which relief can be granted.

### d. Real Estate Settlement Procedures Act ("RESPA")

In Count Four, Plaintiffs allege that Wells Fargo failed to respond to an alleged qualified written request ("QWR"), which they submitted after filing this action. Am. Compl. ¶ 99–106. Specifically, the Plaintiffs submitted request disputed "a) the identity [sic] of a true secured lender/creditor, and b) the existence of debt, and c) your authority and capacity to collect on behalf of the alleged lender/creditor." Am. Compl. Ex. C (found at Dkt. 20-3) (emphasis in original).

For this claim to survive a motion to dismiss, "a plaintiff must allege facts that support that: (1) the defendant is a loan servicer, (2) the plaintiff sent the defendant a valid QWR, (3) the defendant failed to adequately respond within the statutory period, and (4) the plaintiff is entitled to actual or statutory damages." *Tieffert v. Equifax Info. Servs., L.L.C.,* No. 3:14-cv-609, 2014 WL 7240263, at \*5 (E.D. Va. Dec. 19, 2014) (*citing Bowman v. Vantium Capital, Inc.,* 2014 U.S. Dist. LEXIS 3558, at \*9–10 (W.D. Va. Jan. 13, 2014). Ultimately, to satisfy the QWR for a RESPA claim, the borrower had to send their servicer a "qualified written request . . . for information relating to the *servicing* of such loan." *Poindexter v. Mercedes-Benz Cerdit Corp.,* 792 F.3d 406, 413 (4th Cir. 2015). Servicing "means receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, . . . , and making the payments of principal

Case 6:15-cv-00038-NKM   Document 29   Filed 05/18/16   Page 7 of 12   Pageid#: 346

and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan."

12 U.S.C. § 2605.

Here, Plaintiffs' allegations fail.  After review of the request, Plaintiffs' correspondence has nothing to do with the servicing of their loan.  It does not "allege any irregularities of Wells Fargo's servicing of the loan, and the letter does not positively identify purported errors with [Plaintiffs'] account." *Luther v. Wells Fargo Bank*, No. 4:11-cv-57, 2012 WL 4405318 (W.D. Va. Aug. 6, 2012), *report and recommendation adopted*, No. 4:11-cv-57, 2012 WL 4405128, at *6–8 (W.D. Va. Sept. 25, 2012).  Instead, it purports to challenge Wells Fargo status as the loan servicer.  Courts have been clear that where a borrower's correspondence concerns the origination of the loan or challenges the servicer's status, such correspondence is outside the scope of the QWR for a RESPA claim.  *McGinley v. Central Mortg. Co.,* 490 B.R. 723, 728 (Bankr. D. Md. 2013) (collecting cases).

Even assuming Plaintiffs' correspondence was a valid QWR to which Wells Fargo failed to respond, their RESPA claim fails for a second reason: failure to adequately allege damages. Courts in this circuit have required Plaintiffs to plead statutory and actual damages to state a claim under RESPA. *Bradford v. HSBC Corp.,* 2010 U.S. Dist. LEXIS 143531, at *22 n. 6 (E.D.Va. Sept. 20, 2010).  Because Plaintiffs make no allegation of any "pattern or practice of noncompliance," statutory damages are unavailable.  12 U.S.C. § 2605(f)(1).  In addition, Plaintiffs only provide conclusory allegations of actual damages.  Am. Compl. ¶ 105.  These allegations are not enough to assert Plaintiffs are entitled to actual damages.

Therefore, Plaintiffs' RESPA claim must be dismissed for failing to allege sufficient facts

- 8 -

that a valid QWR was sent to Defendant and that Plaintiffs suffered requisite damages.

### e. Fair Debt Collection Practices Act ("FDCPA")

In Count Five, Plaintiffs claim, under the FDCPA, that Wells Fargo falsely represented the status of debt and illegally attempted to collect mortgage payments. Am. Compl. ¶109.

15 U.S.C. § 1592 attempts to eliminate the "use of abusive, deceptive, and unfair debt collection practices by many debt collectors." "The FDCPA includes in its definition of 'debt collector' 'any person. . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.'" *Lee v. Wells Fargo Home Mortg.,* No. 3:13-cv-34, 2013 WL 6561783, at *3 (W.D. Va. Dec. 13, 2013) (*citing* 15 U.S.C. § 1692a(6)). "The term does not include—(A) any officer or employee of a creditor or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." 15 U.S.C. § 1692a(6).

Here, Plaintiffs' FDCPA claim fails. "It is well established in this Circuit that mortgage servicers are not debt collectors within the meaning of the FDCPA." *Rivera v. J.P. Morgan Chase Bank*, No 13-012380, 2014 Bankr. LEXIS 344, at *25 (Bankr. E.D. Va. Jan. 27, 2014). Accordingly, Wells Fargo is "statutorily exempt from liability under the FDCPA." *Davis v. Wells Fargo*, No 3:13-cv-586, 2014 WL 106257, at *4 (E.D. Va. Jan. 8, 2014) (*quoting Ruggia v. Washington Mut.,* 719 F. Supp. 2d 642, 648 (E.D. Va. 2010)).

Therefore, Plaintiffs' FDCPA claim must be dismissed for failing to state a claim upon which relief can be granted.

### f. Accounting

In Count Six, Plaintiffs allege that Wells Fargo has "held [itself] out to be Plaintiffs creditor and mortgage service. . . [and therefore] have a fiduciary duty to plaintiffs to properly account for payments made by Plaintiffs." Am. Compl. ¶ 111.

Under Virginia law, "[a]n accounting in equity may be had against any fiduciary or by one joint tenant, tenant in common, or coparcener for receiving more than comes to his just share or proportion, or against the personal representative of any such party." Va. Code § 8.01-31

However, this claim must also be dismissed as Plaintiffs fail to provide any valid justification for their accounting requests. *See e.g., Granados v. Bank of Am., N.A.,* No. 1:15-cv-752, 2015 WL 4994534, at *5 (E.D. Va. Aug. 19, 2015) ("The Court holds that Plaintiff's claim for accounting fails because there is not sufficient factual basis for his cause of action. Plaintiff argues that he has an account with Defendants that has not been accurately kept."). Additionally, "[the] Defendant[] [is] not a fiduciary[y], joint tenant[], tenant[] in common, or coparcener[] in relations to Plaintiff[s]. They do not personally represent any of Plaintiff[s'] interests, nor do they share any level of fiduciary duty to Plaintiff[s]." *Id.* at *6.

Therefore, Plaintiffs' accounting claim must be dismissed because they have failed to "establish the necessary elements" to sustain the action. *Id.*

### g. Quiet Title

In the "Wherefore" Paragraph, Plaintiffs request the Court compel Wells Fargo "to remove any instrument which does or could be construed as constituting a cloud upon Plaintiffs title to the Property." Am. Compl. p. 26. Construing such claim liberally, it appears Plaintiffs are advancing a quiet title claim.

"An action to quiet title is based on the premise that a person with good title to certain real or personal property should not be subjected to various future claims against that title." *Maine v. Adams*, 277 Va. 230, 238 (2009). To recover under an action to quiet title, a plaintiff must allege superior title to the property, or the complaint must allege sufficient facts to conclude that superior title exists. *Townsend v. Fannie Mae*, 923 F. Supp. 2d 828, 842 (W.D. Va. 2013).

In this case, Plaintiffs plainly allege that they defaulted on their loan obligation. Am. Compl. ¶ 20. By defaulting, Plaintiffs are not entitled to a quiet title action because they have failed to plead that they have "fully satisfied all legal obligations to the party in interest." *Matanic v. Wells Fargo*, No. 3:12-cv-472, 2012 WL 4321634, at \*7 (E.D. Va. Sep. 19, 2012) (internal citation omitted).

Therefore, Plaintiffs' claim for quiet title must be dismissed for failing to state a claim upon which relief can be granted.

### h. Injunctive Relief and Punitive Damages

In addition to the enumerated causes of action, Plaintiffs also seek two remedial declarations in their prayer for relief: injunctive relief and punitive damages.

In order to obtain the extraordinary remedy of a preliminary injunction, the plaintiff must establish the four *Winter* prongs: (1) likelihood of success on the merits; (2) likelihood of suffering irreparable harm in the absence of preliminary relief; (3) balance of equities tip in Plaintiffs favor; and (4) injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008); *see also The Real Truth About Obama, Inc. v. F.E.C.,* 575 F.3d 342, 345–46 (4th Cir. 2009), *rev'd on other grounds*, 130 S. Ct. 2371 (2010). Because Plaintiffs have failed to establish any likelihood of success on the merits, they are not entitled to a preliminary injunction against Wells Fargo.

- 11 -

Similarly, punitive damages "may be recovered only when there is misconduct or actual malice, or such recklessness or negligence as to evince a conscious disregard of the rights of another." *Simbeck Inc., v. Dodd Sisk Whitlock Corp.,* 257 Va. 53, 58 (1999). Here, Plaintiffs provide no basis to show actual malice or conscious disregard of their rights by Wells Fargo.

Therefore, Plaintiffs are not entitled to either injunctive relief or punitive damages from Wells Fargo.

## IV. Conclusion

For the aforementioned reasons, Defendant Wells Fargo's motion to dismiss will be granted. An appropriate order will accompany this memorandum opinion.

The Clerk of the Court is hereby directed to send a certified copy of this memorandum opinion and the accompanying order to the Plaintiffs and all counsel of record.

Entered this ___18th___ day of May, 2016.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE